Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4029 | **DATE** | 11/12/2004 |
| **CASE TITLE** | United States of America vs. William Edwards | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: Edwards' Petition to Vacate, Set Aside, or Correct Sentence is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 15 2004 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | WAP | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 1 2 2004
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM EDWARDS,

Defendant.

Case No. 03 C 4029

Hon. Harry D. Leinenweber

DOCKETED
NOV 1 5 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner William Edwards' (hereinafter, "Edwards") Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the following reasons, the Petition is denied.

### I. INTRODUCTION

In 1999, Edwards was convicted of numerous offenses relating to his participation in activities of the Gangster Disciples, a large and vicious Chicago street gang that sold large quantities of drugs. Edwards was convicted of the following: conspiracy to possess with intent to distribute cocaine, cocaine base, heroin, and marijuana in violation of 21 U.S.C. § 846; use of a person under 18 years of age in furtherance of a drug conspiracy in violation of 21 U.S.C. § 846; possession with the intent to distribute 8.8 grams of cocaine in violation of 21 U.S.C. § 841(a)(1); possession with the intent to distribute 10 grams of

cocaine in violation of 21 U.S.C. § 841(a)(1); use of telephones in the commission of a felony in violation of 21 U.S.C. § 843(b); possession with the intent to distribute 137.2 grams of mixtures containing cocaine base in violation of 21 U.S.C. § 841(a)(1); and use of a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c).

On May 19, 2000, Edwards was sentenced to life imprisonment for his conviction of conspiracy under of 21 U.S.C. § 846. The government dismissed all remaining counts for purposes of sentencing. Edwards' conviction was affirmed on direct appeal. United States v. Hoover, 246 F.3d 1054 (7th Cir.2001).

The government's main evidence against Edwards came from recordings of intercepted conversations between Edwards and Larry Hoover (hereinafter, "Hoover"), the leader and "chairman of the board" of the Gangster Disciples, who was incarcerated at the Vienna Correctional Center in Vienna, Illinois. Pursuant to 18 U.S.C. § 2518(3), the government obtained court authorization to monitor and record Hoover's conversations with certain prison visitors, including Edwards. As Vienna inmates received visitors in an outdoor picnic area, the government accomplished the monitoring by concealing a transmitter in the badge a visitor was required to wear while in the institution. As Edwards frequently visited Hoover at the Vienna Correctional Center, the government

used this concealed transmitter to record numerous conversations between Edwards and Hoover discussing the gang's drug conspiracy.

In June 2003, Edwards filed this petition for post-conviction relief pursuant to § 2255. Edwards' petition alleges that he received ineffective assistance of counsel at the trial and appellate court levels. Specifically, Edwards argues that (1) his trial and appellate lawyers failed to provide him with effective assistance of counsel by not filing a motion to suppress the use of the Vienna tapes on the grounds that they were unlawfully obtained; (2) his trial and appellate lawyers failed to provide him with effective assistance of counsel by failing to dispute the absence of a specific jury finding regarding the amount of drugs attributable to him; and (3) his appellate lawyers failed to provide him with effective assistance of counsel by failing to challenge, on appeal, the District Court's determination to apply a four level enhancement to his offense level because he was a "leader" within the meaning of United States Sentencing Guidelines. (U.S.S.G.) Section 3B1.1.

## II. **STANDARD OF REVIEW**

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed in violation of the Constitution or laws of the United States. To receive relief under Section 2255, a prisoner must show a "fundamental

defect which inherently results in a complete miscarriage of justice," United States v. Addonizio, 442 U.S. 178, 185 (1979), or "an omission inconsistent with the rudimentary demands of fair procedure," Hill v. United States, 368 U.S. 424, 428 (1962). Here, Edwards alleges ineffective assistance of counsel. As an initial matter, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 687, 689 (1984). The Court will find ineffective assistance of counsel only when a petitioner establishes both elements of the Strickland two-prong test. The Petitioner must show that (1) his counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed to the defendant by the Sixth Amendment, and (2) this deficient performance prejudiced his defense such that it deprived him of a fair trial with a reliable result.

### III. DISCUSSION

#### A. Suppression of Vienna Tapes

Edwards alleges ineffective assistance of counsel at both the trial and appellate levels because his attorneys failed to move to suppress the use of the Vienna Tape Recordings on the grounds that the government's placement of "listening bugs" on Edwards' person violated his rights under the Fourth Amendment

and Section 2511(2)(c). Edwards' counsel at trial and on direct appeal, however, *did* challenge the electronic surveillance evidence, and lost the challenge, albeit on somewhat different grounds than Edwards asserts in his § 2255 petition. There is a presumption that decisions made by an attorney as to what evidence should be presented and what issues deserve the most focus are strongly presumed to be tactical decisions and therefore, objectively reasonable. Strickland, 466 U.S. 668 at 689. In any event, the wiretap evidence that Edwards complains of has been repeatedly upheld by the Seventh Circuit. See United States v. Jackson, 207 F.3d 910 (7th Cir.2000); United States v. Hoover, 246 F.3d 1054, 1057 (7th Cir.2001); United States v. Wilson, 237 F.3d 827, 831 (7th Cir.2001). Undoubtedly, Edwards' arguments regarding this evidence would have had no traction at either trial or on appeal. Accordingly, the purported failure of counsel to raise Edwards' suggested grounds for suppression of the Vienna Tape Recordings did not compromise the fairness of his trial or appeal. See Strickland, 466 U.S. 668 at 691-92.

### B. Specific Finding on Quantity of Drugs

Edwards also complains that his lawyer failed to provide him with effective assistance of counsel by failing to dispute the absence of a specific jury finding regarding the amount of drugs attributable to him. Edwards argues that this failure caused the

Court to apply an incorrect statutory maximum penalty and offense level which violated his rights under the Fourth Amendment. Edwards' argument lacks merit - he misunderstands the contours of conspiracy law. Under Pinkerton, Edwards is "answerable for the crimes committed by the whole of [the Gangster Disciples]." Pinkerton, 328 U.S. at 1058. A finding that Edwards conspired to distribute fifty grams of crack cocaine would have authorized life imprisonment. 21 U.S.C. § 841(b)(1)(a)(iii). As recognized by the Seventh Circuit, the "[e]vidence in the record establishes beyond any doubt that the Gangster Disciples distributed (much) more than 50 grams of crack daily." Hoover, 246 F.3d at 1058. Consequently, "there is no likelihood that any reasonable jury would have failed to find that each is culpable for more than 50 grams of crack." Id.

Thus, Edwards cannot sustain the argument that the Court sentenced him excessively based on a finding of drug quantities that was not proven beyond a reasonable doubt, as required by Apprendi v. New Jersey, 530 U.S. 466, 490. This is particularly so because Apprendi "does not require defendant-specific findings of drug type and quantity in drug-conspiracy cases." United States v. Knight, 342 F.3d 697, 710 (7th Cir. 2003). Therefore, to the extent that Edwards' counsels erred by not disputing the absence of a specific jury finding regarding the kind and

quantity of drugs, they committed only harmless error. Similarly, for this reason, the trial court did not commit plain error in sentencing Edwards for the quantities found in relation to the conspiracy as a whole.

**C. Guideline Enhancement for "Leader" Role**

Finally, Edwards contends that his counsel was ineffective because he failed to challenge on appeal this Court's application of a four level enhancement for his "leader" role pursuant to U.S.S.G. § 3B1.1(a). To be classified as a leader, a defendant "may simply have organized or in some way directed another member of the conspiracy. United States v. Mustread, 42 F.3d 1097, 1104 (7th Cir. 1994). An upward adjustment is applicable to each leader in a conspiracy and more than one conspirator can qualify as an organizer or a leader. See United States v. McClinton, 135 F.3d 1178, 1191 (7th Cir. 1998). See U.S.S.G. § 3B1.1(a), application note 4. Here, Edwards frequently visited Hoover at the Vienna Correctional Facility and ensured that his orders were executed by others in the organization. Further, Hoover entrusted Edwards to deliver orders to outside Board Members. It is extremely likely that only a leader in the organization would have authority to oversee the execution of Hoover's orders. As demonstrated by the frequency of his visits, Edwards was generally Hoover's confidant. As noted above, there is a presumption that the tactical decisions made by an attorney are

strongly presumed to be objectively reasonable. Strickland, 466 U.S. at 689. Because there was ample evidence that Edwards was a leader, the failure of Edwards' counsel to appeal the district court's determination of Edwards as a leader, pursuant to U.S.S.G § 3B1.1(a), does not meet the Strickland test.

### III. CONCLUSION

For the reasons stated above, Edwards' Petition to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

```
                                    _____
                                    Harry D. Leinenweber, Judge
                                    United States District Court
```

Dated: November 12, 2004